UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEDRICK BARON MOODY**                    **CASE NO. 6:20-CV-01317**

**VERSUS**                                 **JUDGE ROBERT R. SUMMERHAYS**

**CITY OF CARENCRO ET AL**                 **MAGISTRATE JUDGE DAVID J. AYO**

**MEMORANDUM RULING**

Presently before the Court are the Motion for Summary Judgment Pursuant to FRCP 56 [ECF No. 52] and the Joint Motion in Limine to Strike Plaintiff's Exhibits Attached to His Opposition to Defendants' Motion for Summary Judgment [ECF No. 60] both filed by the City of Carencro, Officer Trent Walker and JMG Realty, Inc. of Georgia (collectively "Defendants"). Plaintiff filed an objection to the Motion for Summary Judgment but has not responded to the Motion in Limine.

**I.**
**FACTUAL BACKGROUND**

Dedrick Barron Moody ("Plaintiff") seeks relief pursuant to 42 U.S.C 1983 and 1988, the Fourth and Fourteenth Amendments of the Constitution, and Louisiana state law, against Defendants. Plaintiff alleges that Officer Walker violated his rights by using excessive force during his arrest. Specifically, Plaintiff alleges in both his Complaint and in answers to discovery that Officer Walker "negligently and forcefully, grabbed petitioner and twisted his left wrist breaking it in several places."[1] Defendants now seek summary judgment on the grounds that Plaintiff's claimed injury could not have been caused by the force applied by Officer Walker as a matter of law. Defendants argue that their evidence shows that the type of broken arm Plaintiff suffered from

---

[1] ECF Doc. 1, ¶10 and ECF No. 52, Exhibit B.

1

was not caused by the alleged "twisting" of his hand or wrist as claimed.[2] Defendants thus argue that there is no triable issue with respect to causation.

## II.
### SUMMARY JUDGMENT STANDARD.

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[3] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[6]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[7] "Credibility

---

[2] While Defendants briefly address additional legal arguments in their Memorandum, the Motion for Summary Judgment itself is specifically limited to the issue of whether Plaintiff's injury could have been caused by a twisting motion as alleged. The Court will therefore limit its ruling to that issue.
[3] Fed. R. Civ. P. 56(a).
[4] *Id.*
[5] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[6] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[7] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).

determinations are not part of the summary judgment analysis."[8] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[9]

## III.
### MOTION IN LIMINE

As a preliminary matter, Defendants filed a motion in limine seeking to exclude the affidavits of Cynthia Moody and Dedrick Moody, both of which were attached to Plaintiff's opposition to the Motion for Summary Judgment. Defendants seek to exclude the affidavit of Cynthia Moody, Plaintiff's mother, on the basis that it contains hearsay statements as well as unqualified expert opinions. The Court has reviewed the affidavit of Ms. Moody and agrees with Defendants. Plaintiff has not demonstrated that Ms. Moody is qualified to give an expert medical opinion on causation of Plaintiff's injuries. Further, the remaining portions of the affidavit recite hearsay information Ms. Moody obtained from other individuals who were present at the time of the incident. Accordingly, the Motion in Limine is granted in part and the affidavit of Cynthia Moody is stricken from the summary judgment record.

Defendants seek to strike the affidavit of Plaintiff on the basis that Plaintiff has claimed that he suffers from cognitive deficiencies. Fed. R. Civ. P. 56(c)(4) provides that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." With respect to a fact witness' competency, Fed.R.Evid. 601 provides that "[e]very person is competent to be a witness unless these rules provide otherwise." A witness is

---

[8] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[9] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

competent to testify if the witness is capable of communicating relevant material and understands that he or she has an obligation to do so.[10] Whether a witness is competent to testify "is a threshold question of law to be answered by the judge," but it is "left to the jury to assess a witness's credibility and the weight to be accorded his testimony."[11] Here, Defendants point to representations about Plaintiff's competency made in pleadings that he filed in this proceeding and in state court:

- During a status conference with the Magistrate Judge in the present case, Plaintiff's counsel referred generally to the Defendant's "competency" in connection with his state court plea and his capacity but does not include specific information with respect to his alleged incapacity or competency;[12]

- In his state application for relief from his state court conviction, Plaintiff pled that he was "incompetent at the time of the alleged defense as well as during all criminal proceedings;"[13]

- In a motion to vacate his conviction, Plaintiff pled that he "was an incompetent and did not understand the proceedings in which he pled no contest and received ineffective assistance of counsel;"[14] and

- In the Statement of Contested Material Facts filed by Plaintiff, he identifies two "contested material facts" relating to his mental capacity: (a) "[w]hether [Plaintiff] possessed sufficient cognitive levels to comply with any verbal commands, if any, stated by [Officer] Walker, and (b) "[w]hether [Officer] Walker knew of [Plaintiff's] cognitive challenges and whether he addressed [Plaintiff] appropriately considering the known cognitive challenges."[15]

Turning to Plaintiff's affidavit, Plaintiff testifies as to Officer Walker's actions and the events leading up to his alleged injuries. His testimony is based on personal knowledge. While, the record

---

[10] *United States v. Villatta*, 662 F.2d 1205, 1206 (5th Cir.1981), *cert. denied*, 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 175 (1982).

[11] *Sec. & Exch. Comm'n v. Helms Barlow*, No. A-13-CV-01036 ML, 2015 WL 11254315, at *2 (W.D. Tex. June 23, 2015) (citing *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981), *on reconsideration in part sub nom. United States v. Holt*, 650 F.2d 651 (5th Cir. 1981), *and on reh'g*, 681 F.2d 952 (5th Cir. 1982), *aff'd sub nom. Russello v. United States*, 464 U.S. 16, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983)

[12] ECF No. 51.

[13] ECF No. 52-4 at 28.

[14] *Id.* at 30.

[15] ECF No. 56-1 at 1.

includes brief, conclusory allegations about Plaintiff's competency and mental challenges, there is insufficient evidence in the record for the Court to find, by a preponderance of the evidence, at this stage that Plaintiff is incapable of communicating relevant information about the events that allegedly resulted in his injuries or that he does not understand that he has an obligation to do so. Accordingly, the Court denies the motion in limine without prejudice. Defendants may re-urge their arguments as to Plaintiff's competency at trial outside the presence of the jury.

## IV.
### ANALYSIS

Defendants argue that Plaintiff cannot prove causation. Specifically, Defendants point to the expert report of Dr. Curtis Partington, a neuro radiologist, who evaluated the x-rays from the date of the incident and opined on whether Plaintiff's injuries could have been the result of the "twisting" motion allegedly caused by Officer Walker's actions. Dr. Partington issued a final report on August 19, 2021 and opined that the injury sustained by Plaintiff "is typically caused by a fall on an outstretched arm. This is not the typical fracture caused by twisting of the wrist or hand."[16] Defendants argue that this expert opinion defeats causation as a matter of law.

The Court has reviewed the record as a whole and finds that there is a genuine issue of material fact regarding whether Officer Walker's actions caused Plaintiff's injuries. Although Dr. Partington's report reflects that the type of injury suffered by Plaintiff is "typically caused by a fall" and "not the typical fracture caused by twisting of the wrist or hand,"[17] Dr. Partington's opinion does not eliminate Officer Walker's actions as a possible cause of the injury. Plaintiff's affidavit also points to Officer Walker's actions as the cause of his injury. While Plaintiff will be

---

[16] ECF No. 52, Exhibit C, Affidavit of Dr. Partington with attachments – Final report of Dr. Partington dated August 19, 2021.
[17] *Id.*

required to produce evidence at trial to support his claim that Officer Walker caused his injury, there is a triable issue with respect to causation.

## V.
### CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment Pursuant to FRCP 56 [ECF No. 52] is DENIED. The Joint Motion in Limine to Strike Plaintiff's Exhibits Attached to His Opposition to Defendants' Motion for Summary Judgment [ECF No. 60] is GRANTED IN PART and DENIED IN PART. The affidavit of Cynthia Moody attached to Plaintiff's opposition is STRICKEN from the summary judgment record.

THUS DONE in Chambers on this 7th day of July, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE